UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANDREW VICTOR CORONADO,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.: 26-CV-3650 TWR (SBC)

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i), AND (3) DENYING AS MOOT REMAINING *EX PARTE* MOTIONS**

(ECF Nos. 2–6)

Presently before the Court are Plaintiff Andrew Victor Coronado's Master Verified Federal Amended Complaint in Equity and Civil Rights ("FAC," ECF No. 6), Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("IFP Mot.," ECF No. 3), *Ex Parte* Motion for Leave to File Electronically ("E-Filing Mot.," ECF No. 3), *Ex Parte* Motion for Preliminary Injunction ("PI Mot.," ECF No. 4), and Emergency *Ex Parte* Application for a Temporary Restraining Order ("TRO Mot.," ECF No. 5). For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP Motion, **DISMISSES** Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and **DENIES AS MOOT** Plaintiff's remaining *Ex Parte* Motions.

1

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay filing and administration fees totaling $405.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed *in forma pauperis* ("IFP") by submitting an affidavit demonstrating the fees impose financial hardship.  *See* 28 U.S.C. § 1915(a); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobedo*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff's affidavit indicates that he receives $1,900 per month in public assistance, (*see* IFP Mot. at 1–2); spends $2,900 per month on rent, utilities, food, and transportation, (*see id.* at 4–5); has a checking account that is overdrawn by $3,500, (*see id.* at 2); and is supporting four children under the age of six.  (*See id.* at 3.)  Because Plaintiff adequately demonstrates that he cannot pay the $405 filing fee and still afford the necessities of life, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2).

## *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I.   Legal Standard

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

26-CV-3650 TWR (SBC)

28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"). As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

"The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). While Federal "Rule [of Civil Procedure] 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations[,] . . . Section 1915([e)(2)) . . . accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.    Plaintiff's Allegations

Plaintiff generally alleges a vast, fourteen-year conspiracy between various state, county, municipal, and private corporate actors and individuals to conceal a July 26, 2012 "kidnapping and torture" of Plaintiff, who was then a minor in dependency proceedings, "to orchestrate a highly lucrative administrative fraud" to the tune of $9.2 million in Title IV-E federal funds. (*See* FAC at 15, 40.) When Plaintiff was poised to expose this fraud,

Defendants preemptively destroyed his credibility by "forc[ing] [a] 2025 plea deal . . . to brand the Plaintiff with a criminal record." (*See id.* at 40.)  After Plaintiff filed a California Public Records Act request in early October 2025, Defendants "orchestrated a 'staged accident' or kinetic event" in which Plaintiff "suffered a catastrophic motor vehicle collision resulting in a severe Subarachnoid Hemorrhage (brain bleed) and stroke[]" on October 29, 2025.  (*See id.* at 42.)  In an act of "Medical Mimicry," Plaintiff was arrested for driving under the influence.  (*See id.* at 42–43.)  While Plaintiff was comatose, his driver's license was suspended, (*see id.* at 43), and he was arrested for driving on a suspended license on December 21, 2025.  (*See id.* at 44.)  This "muti-agency racketeering enterprise" was designed to prevent Plaintiff from "access[ing] the Federal Court to enforce [his] $290.9 million equitable lien."  (*See id.* at 44–45.)

Plaintiff brings claims for deprivation of his civil rights under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 426 U.S. 658 (1978); extrinsic fraud on the court; the False Claims Act, 31 U.S.C. § 3729; conspiracy to interfere with his civil rights under 42 U.S.C. § 1985; retaliation in violation of California Labor Code § 1102.5; "[i]nstitutional [d]omestic [a]buse & [f]raudulent [s]iphoning[;]" "[e]xtrinsic [f]raud & [f]orgery of the 90-[d]ay [t]ransition [p]lan[;]" fraud in the inducement and rescission of "[v]oid [l]iability [w]aivers; "[u]nlawful [c]onversion & [a]buse of [r]epresentative [p]aye [s]tatus;" violation of 26 U.S.C. § 7206; and "[e]xtrinsic fraud upon the tribunal and subversion of WIC § 241.4 protocols." (*See* Compl. at 49–61 (emphasis omitted).)  Among other things, Plaintiff seeks declaratory relief; imposition of a constructive trust in the amount of $14.3 million; "the immediate, condition-free disbursement of $500,000.00 to the Enforcer [*i.e.*, Plaintiff] to remedy the 'State-Created Insolvency,' provide for the biological Estate, and restore the 'Equality of Arms' for the duration of this litigation[;]" an immediate stay of the "malicious prosecutions [of Plaintiff] in both San Bernardino County (Case No. FSB24001315) and San Diego County (Case No. CE437463)[;]" "[a] Writ of Mandate compelling the California Department of Motor Vehicles to immediately lift the November 7, 2025, administrative suspension[ of Plaintiff's license][;]"

26-CV-3650 TWR (SBC)

"[c]ompensatory [r]estitution" in the amount of $290,719,993.00; treble damages under the False Claims Act; and punitive damages.  (*See id.* at 61–66 (emphasis omitted).)

## III.   Analysis

Having reviewed Plaintiff's First Amended Complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(i).  Although the Court is sympathetic to Plaintiff, his allegations concerning a fourteen-year-long and vast conspiracy involving various state, county, municipal, and private corporate entities and individuals "[n]o matter how sincerely believed by Plaintiff, . . . are simply too fantastic to warrant the expenditure of further judicial and private resources."  *See Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007) (*sua sponte* dismissing as frivolous pro se litigant's complaint alleging a conspiracy of "illegal surveillance, undercover 'sting' operations, and [the] unlawful 'doping' of [Starbucks] beverages."); *see also, e.g.*, *Franklin v. Newsom*, No. 3:21-CV-01645-GPC-BGS, 2021 WL 5827117, at *3, *5 (S.D. Cal. Dec. 7, 2021) (*sua sponte* dismissing as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) case seeking $3,010,000,000 in damages from "former Governors of California, together with the former President and Vice-President of the United States" for "unspecified Constitutional violations"); *Johnson v. Paul*, No. 20-CV-2174-JLS (WVG), 2020 WL 6825673, at *1–2 (S.D. Cal. Nov. 20, 2020) (*sua sponte* dismissing as frivolous pursuant to 28 U.S.C. § 1915(e)(2) complaint seeking $1 billion in damages against "Defendants Pope Francis Paul, Russell Moore, President Obama, President Trump, Mike Pompeo, Senator Kamala Harris, Angela Byers, and members of the United Nations" for "'crimes in religion over 12 yr period . . . human trafficking crimes, Biblical crimes . . . extortion, conspiracies . . . public kidnappings,' and other unclear allegations"); *Abel v. Trump*, No. CV 20-00075 LEK-WRP, 2020 WL 2530310, at *2 (D. Haw. May 18, 2020) (*sua sponte* dismissing prisoner's "irrational and wholly incredible" claims that "President Trump personally came to Kauai and withdrew bone marrow from both of his legs" as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A); *Martin v. Trump*, No. 3:18-CV-02677-BTM-JLB, 2019

5

WL 1317331, at *1–3 (S.D. Cal. Mar. 21, 2019) (*sua sponte* dismissing as "plainly frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i) complaint against "current and former Presidents of the United States, the former Governor of California, a Superior Court Judge, the San Diego County Sheriff, and dozens of [Richard J. Donovan Correctional Facility] correctional officers, psychiatrists, psychologists, nurses, technicians, social workers, and therapists" regarding "'a food and water poisoning operation' involving 'microscopic mites' [that] . . . are tracked using Global Positioning Systems . . . transmitting devices, and controlled by . . . mainframe computers at" various prisons).

"Because Plaintiff's claims, like those in the cases cited above, are fanciful, irrational, incredible, and appear delusional, they qualify not only as legally implausible, but as factually frivolous." *See* Order Dismissing Civil Action as Frivolous Pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed *in Forma Pauperis* as Moot at 5, *Blanton v. CDCR*, No. 3:24-cv-00595-DMS-BLM (S.D. Cal. filed June 24, 2024), ECF No. 5 (citing *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328)). "When a case [is] . . . frivolous . . . , there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1128 n.8. The Court therefore **DISMISSES** Plaintiff's First Amended Complaint **WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2), **DISMISSES** Plaintiff's First Amended Complaint (ECF No. 6) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and **DENIES WITHOUT PREJUDICE AS MOOT** Plaintiff's remaining *Ex Parte* Motions (ECF Nos. 3–5). The Court also **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(e)(3)

---

[2] Although the Court does not grant Plaintiff leave to amend, dismissal under 28 U.S.C. § 1915(e)(2)(B) "does not prejudice the filing of a *paid* complaint making the same allegations." *See Denton*, 504 U.S. at 34. This does mean, however, that Plaintiff would bear the burden of paying the $405 civil filing fee and the considerable cost of service on all Defendants should he wish to proceed.

and **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the case.

    **IT IS SO ORDERED.**

Dated:  June 30, 2026

_____

Honorable Todd W. Robinson
United States District Judge

26-CV-3650 TWR (SBC)